## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Wheeling

**TONIA L. LEWIS,**

       Petitioner,

v.                                **CIVIL ACTION NO. 5:20-cv-250**
                                  Judge Bailey

**SFF HAZLETON,**

       Respondent.

### MEMORANDUM OPINION AND ORDER DISMISSING PETITION

Before the Court is the petitioner's *pro se* "Emergency Petition in Federal Court" seeking Immediate Preliminary Injunctive Relief, which has been docketed as a habeas petition pursuant to 28 U.S.C. § 2241.[1]

### I. Background

On May 2, 2017, following a jury trial in the Eastern District of Virginia, the petitioner was found guilty of multiple counts of bank fraud in violation of 18 U.S.C. §§ 1344(1) and (2), mail fraud in violation of 18 U.S.C. § 1341, and aggravated identity theft in violation of 18 U.S.C. §§ 1028A. On September 11, 2017, the petitioner was sentenced to an aggregate term of imprisonment of 70 months. Her current projected release date via good conduct time is November 22, 2022.

---

[1] The petitioner filed this "Emergency Complaint" in Civil Action No. 3:20-cv-203, which is a habeas petition pursuant to 28 U.S.C. § 2241 challenging a disciplinary proceeding. Because the relief sought was wholly unrelated to her claims regarding loss of good conduct time, the pleading was used to open this separate § 2241 habeas action.

On November 30, 2020, the petitioner filed this "complaint" alleging that she likely has contracted the coronavirus while at the same time potentially infecting a minimum of three other federal inmates. The petitioner seeks an order from this Court to (1) require SFF Hazelton to begin mass testing of inmates and staff; (2) require SFF Hazelton to have her immediately assessed by a doctor and specialists; (3) require SFF Hazelton to hire a doctor or contractor because nurses are not allowed to practice medicine without oversight of a licensed doctor; and (4) require SFF Hazelton to put her in home confinement where she can have immediate and direct access to emergency care.

## II. Analysis

### A. The petitioners constitutional challenges to her conditions of confinement are not appropriate for consideration in a habeas corpus proceeding and do not warrant injunctive relief without an underlying *Bivens* complaint.

To the extent that the petitioner asserts that her conditions of confinement violate the Eighth Amendment and seeks injunctive relief other than immediate release to home confinement, the United States Court of Appeals for the Fourth Circuit has not specifically addressed, in a published opinion, whether such claims may be addressed in habeas corpus. Nonetheless, several panels of the Court have held that such challenges are not cognizable under 28 U.S.C. § 2241. *See Wilborn v. Mansukhani*, 795 F. App'x 163 (4th Cir. 2019) ("Seven of the ten circuits that have addressed the issue in a published decision have concluded that claims challenging conditions of confinement cannot be brought in a habeas petition.") (collecting cases); *Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. Nov. 29, 2017) (conditions of confinement claims are not cognizable in a § 2241 petition); *Braddy v. Wilson*, 580 F. App'x 172 (4th Cir. 2014) ( dismissing habeas petition alleging a conditions of confinement claims as improperly brought under § 2241); *Hardin*

*v. Acting Warden, FCI Edgefield*, No. 9:20-cv-1420 (SAL-BM, 2020 WL 3259761 (D.S.C. May 6, 2020), *recommendation adopted by*, 2020 WL 3259308 (D.S.C. June 16, 2020) (conditions of confinement claims are not cognizable under § 2241); *United States v. Johnson*, Crim. No. RDB-14-0441, 2020 WL 1663360, at *5 (D. Md. Apr. 3, 2020) (concluding that Fourth Circuit precedent precludes an inmate from asserting claims concerning exposure to COVID-19 under § 2241 because such a claim does not challenge the constitutionality of a sentence). "Thus, the weight of authority both within and outside this circuit suggests that, as a general matter, petitioners cannot challenge their conditions of confinement in a habeas corpus proceeding." *Hallinan v. Scarantino*, No. 5:20-HC-2088-FL, 2020 WL 3105094, at *11 (E.D.N.C. June 11, 2020).

Rather, such claims are more properly addressed through a civil rights action under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ross v. Meese*, 818 F.2d 1131, 1135 (4th Cir. 1987) (citing *Ex Parte Young*, 209 U.S. 123 (1908) (recognizing the remedy of injunctive relief for constitutional violations)); *Washington v. Fed. Bureau of Prisons*, No. 5:16-cv-03913-BHH-KDW, 2019 WL 2125246, at *8 (D.S.C. Jan. 3, 2019) (finding that weight of authority "seems to permit injunctive relief claims in *Bivens* actions"), *recommendation adopted by* 2019 WL 1349516 (D.S.C. Mar. 26, 2019). However, the petitioner has not sufficiently demonstrated that she has properly and fully exhausted the available administrative remedies concerning her conditions of confinement claims, or that requiring exhaustion would be futile. *See* 42 U.S.C. § 1997e(a); *see also Smith v. Metheny*, No. 1:05-CV-49, 2006 WL 314557, at *1 (N.D. W. Va. Feb. 9, 2006) (under PLRA, a prisoner bringing a *Bivens* action "with respect to prison conditions" must first exhaust all available administrative remedies) (citing *Porter*

*v. Nussle*, 534 U.S. 516, 524 (2002)). Likewise, she cannot satisfy the restrictive criteria under 18 U.S.C. § 3626 for injunctive relief in the form of release from prison. *See Hallinan, supra,* 2020 WL 3105094, at *12 ("The PLRA applies to all prisoner civil actions challenging conditions of confinement, and imposes strict requirements regarding filing fees, administrative exhaustion, and carefully crafted restrictions on injunctive relief.").

**B.    The petitioner is not entitled to habeas corpus relief under the CARES Act, and this Court does not have jurisdiction to grant her compassionate release.**

To the extent that the petitioner's pleading can be construed as a habeas petition pursuant to § 28 U.S.C. § 2241, courts are receiving release requests under two distinct statutory "mechanisms" during the current pandemic–the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and what is often referred to as the "compassionate release" framework set forth in 18 U.S.C. § 3582(c)(1)(A). In the instant matter, the petitioner simply asks for a preliminary injunction seeking immediate release making it difficult to discern which mechanism, if any, she is asserting as a basis for her petition for release, so the Court will address each in turn.

**CARES Act**

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.

**18 U.S.C. § 3582(c)(1)(A)(ii)**

Alternatively, 18 U.S.C. § 3582(c)(1)(A)(I) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." However, it is clear that the petitioner is unable to proceed under this mechanism in a § 2241 in this district, because courts in this Circuit and elsewhere have consistently found that such a request must instead be brought in the sentencing court. *See, e.g.*, **Robinson v. Wilson**, 2017 WL 5586981, at *5 (S.D. W.Va. Sept. 26, 2017) (Eifert, M.J.) ("Like a § 2255 motion, a § 3582 motion must be filed in the movant's underlying criminal action and be addressed by the sentencing court."), *report and recommendation adopted*, 2017 WL 5586272 (S.D. W.Va. Nov. 20, 2017) (Faber, J.); **Deffenbaugh v. Sullivan**, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) (Flanagan, J.) ("If petitioner now seeks to file his own motion for § 3582 compassionate release, such a motion must be filed in the sentencing court."); **Allah v. Fed. Bureau of Prisons Dir.**, 2016 WL 5868093, at *4 (D.S.C. Sept. 12, 2016) (Marchant, M.J.) (same) (collecting cases), *report and recommendation adopted*, 2016 WL 5851936 (D.S.C. Oct. 6, 2016) (Hendricks, J.); **Himmel v. Upton**, 2019 WL 1112923, at *2 n.6 (N.D. Tex. Mar. 11, 2019) ("[A]ny motion for compassionate release under the newly amended provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court."); **Braswell v. Gallegos**, 82 F. App'x 633, 635 (10th Cir. 2003) ("Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence.").[2]

---

[2] A review of the petitioner's criminal docket establishes that on June 17, 2020, she was denied an emergency request for immediate release pursuant to 18 U.S.C. § 3582(c)(a)()(I). On December 2, 2020, the petitioner filed an "Emergency Letter Motion"

### III. Conclusion

Because the Court does not have the power to order home confinement under the CARES Act, and the petitioner was not sentenced in the Northern District of West Virginia, this Court does not have jurisdiction over her request that it order the BOP to place her on home confinement. In addition, because the remainder of the petitioner's complaint addresses her conditions of confinement, and does not seek immediate or speedier release, the petitioner has improperly sought injunctive relief. Accordingly, this case is hereby **DISMISSED WITHOUT PREJUDICE**. The petitioner is advised that if she desires to contest the condition of her confinement, she must file a *Bivens* complaint and incur the $350 filing fee.

It is so **ORDERED**.

The Clerk is directed to mail a copy of ths Order to the *pro se* petitioner by certified mail, return receipt requested, together with a copy of this Court's *Bivens* packet.

**DATED**: December __9__, 2020.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**

---

again seeking compassionate release and seeking immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(I), which remains pending.